FILED
JUL 22 2008

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 8667

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | 21 U.S.C. § 952 and 960 |
| Peninna RAMIREZ | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

That on or about July 20, 2008, within the Southern District of California, defendant Peninna RAMIREZ did knowingly and intentionally import approximately 21.82 kilograms (48.00 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Special Agent
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 22nd DAY OF JULY 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
        v.
Peninna RAMIREZ

STATEMENT OF FACTS

This complaint is based on the reports, documents, notes furnished to, and interviews conducted by U. S. Immigration and Customs Enforcement Special Agent Daryl Christensen.

On July 20 2008, at approximately 1615 hours, Peninna RAMIREZ entered into the United States at the Calexico, California, West Port of Entry, from the Republic of Mexico. RAMIREZ, the driver and registered owner of a 2004 Dodge Durango bearing California license 5XVJ496. RAMIREZ was accompanied by Alma Delia GUTIERREZ-Lopez.

At primary inspection, both RAMIREZ and GUTIERREZ gave negative Customs declarations to Customs and Border Protection Officer (CBPO) J. Burgueno. At primary inspection, RAMIREZ claimed she owned the vehicle for three or four months and she was coming from a wedding in Mexicali, Mexico.

During the primary inspection, CBPO Burgueno observed the headliner appeared to be lower than normal in relationship to the roof of the vehicle. CBPO Burgueno placed one hand on the exterior roof and one hand on the headliner and noted that it was abnormally thick. CBPO Burgueno then escorted the vehicle to secondary inspection.

As secondary inspection, CBPO A. Garcia utilized his Narcotic Detector Dog, which resulted in an alert to the roof of the vehicle.

Subsequent search of the vehicle confirmed the presence of a fabricated compartment in the roof of the vehicle. A DVD video screen was removed from the headliner of the vehicle, revealing packages contained within the fabricated compartment. One of the packages was probed, producing a white powdery substance, which field-tested positive for cocaine. A total of twenty (20) packages were recovered from the non-factory, fabricated compartment. The twenty packages of cocaine had a total weight of 21.82 kilograms (48.00 pounds).

RAMIREZ was advised of her rights per Miranda, which she acknowledged and waived. RAMIREZ admitted that she had entered into an agreement to smuggle drugs into the United States from Mexico and that the vehicle had been registered in her name for that purpose. RAMIREZ further stated that she did not know that the vehicle was loaded when she entered the United States, but that she was supposed to cross the vehicle again in a few days and drive it to Los Angeles for an expected payment of $2000. RAMIREZ stated that her passenger, GUTIERREZ, was not aware of any smuggling arrangements and was only riding with her to Calexico.

GUTIERREZ was advised of her rights per Miranda, which she acknowledged and waived. GUTIERREZ denied knowledge of the contraband or any expected payment for crossing the drugs.