FILED
AUG - 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>Peninna RAMIREZ,<br><br>               Detention. | Magistrate Case No. 08MJ8667<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

      In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 25, 2008, to determine whether defendant Peninna RAMIREZ should be held in custody, pending trial, on the grounds that she is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States; David R. Silldorf, made a special appearance for court-appointed counsel Timothy A. Scott, and appeared on behalf of the Defendant.

      Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the Defendant on July 22, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.   The Defendant is charged in Criminal Complaint No. 08MJ8667 with the importation of 21.82 kilograms (48.00 pounds) of cocaine into the United States in violation of 21 U.S.C. § 952 and 960. Therefore, there exists probable cause to believe the Defendant committed the charged offense.

2.   The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(A). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   According to the United States Sentencing Guidelines, the Base Offense level is 34 See USSG § 2D1.1. Even assuming the Defendant's criminal history score places her in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 151-188 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)

1.   On July 20, 2008, Defendant was the driver and registered owner of a 2004 Dodge Durango, as she and her passenger entered the United through the Calexico, California West Port of Entry. Defendant claimed she owned the vehicle three or four months. Customs and Border Protection Officer (CBPO) Burgueno noticed the headliner appeared lower than normal in relationship to the roof of the vehicle. CBPO Burgueno placed one hand on the exterior roof and one hand on the headliner and noted it was abnormally thick. Defendant, the passenger, and the vehicle were escorted to the vehicle secondary area for further inspection. A narcotic detector dog alerted to the roof area of the vehicle. Further inspection of the vehicle confirmed the presence of a fabricated compartment in the roof of the vehicle. A DVD video screen was removed from the headliner, revealing 20 packages of cocaine, with a total weight of 21.82 kilograms (48.00 pounds).

///

///

    C.    <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

        1.    The Defendant is a United States citizen.

        2.    The Defendant is a transient at the present time.

        3.    The Defendant's son resides with Defendant's mother in Calexico, California.

    1.    <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

        1.    Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A.    There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8667, namely, the importation of 21.82 kilograms (48.00 pounds) of cocaine into the United States in violation of 21 U.S.C. § 952 and 960.

B.    The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. She therefore has a strong motive to flee.

C.    The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 8-5-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Timothy A. Scott
    Counsel for Defendant

4